UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JAMES CUNNINGHAM,

                              Petitioner,

                                                                    <u>DECISION AND ORDER</u>

                                                                        07-CV-6005L

                     v.

JAMES T. CONWAY, Superintendent
Attica Correctional Facility,

                              Respondent.
_____

Petitioner, James Cunningham ("Cunningham"), was convicted by a jury of Murder in the Second Degree and Criminal Possession of a Weapon in the Third Degree, in New York's Erie County Court. The charges stem from the fatal stabbing of the victim, Effie Townes. Cunningham was sentenced principally to 25 years to life on the murder conviction.

Cunningham has now filed a habeas corpus petition before this Court pursuant to 28 U.S.C. § 2254, claiming several errors relating to the prosecution which he claims violated his constitutional rights. The Court referred this case to United States Magistrate Judge Victor E. Bianchini, pursuant to 28 U.S.C. § 636(b) to review the petition and report to this Court on the proper disposition of the petition.

On March 18, 2010, Magistrate Judge Bianchini issued a thorough, 40 page, Report and Recommendation (Dkt. #19) recommending that the petition be denied and the case dismissed. Cunningham filed a response to that Report and Recommendation (Dkt. #26).

**DISCUSSION**

The Magistrate Judge discussed the facts listed at trial and they need not be repeated here in detail. Cunningham testified that the victim assaulted him first, after an argument. Cunningham admitted that both he and the victim had been drinking, and that he did not intend to hurt her seriously. He admitted stabbing the victim and admitted fleeing the scene. He claimed that he "went blank" (T. 229)[1]

That testimony was substantially undercut by the People's proof relating to the autopsy performed on the 5' 3", 116 pound, victim. That report, noted by the Magistrate Judge, reported that the nine stab wounds in the victim were delivered with such force as to penetrate the bones in the victim's ribs.

Cunningham appealed his conviction to the Appellate Division, Fourth Department, and that court unanimously affirmed the conviction. 13 A.D.3d 1118 (2004). Cunningham sought leave to appeal from the New York Court of Appeals raising only two issues: that the trial court abused its discretion in allowing the People to recall a police witness and: (2) the trial court erred in not suppressing Cunningham's statements to the police. Leave to appeal was denied. 4 N.Y. 3d 829 (N.Y. 2005).

---

[1] "T." refers to pages of the trial transcript.

As noted by the Magistrate Judge in the Report and Recommendation, Cunningham raises here the same five issues that he raised on his direct appeal from the conviction.

The Magistrate Judge carefully reviewed the standards that apply in federal court when reviewing habeas corpus petitions alleging errors in state criminal proceedings. He summarized the exhaustion requirement and the adequate-and-independent-state-ground doctrine as well as the requirement that federal courts must give appropriate deference to state court judgments under provisions of the Antiterrorism and Effective Death Penalty Act of 1966 ("AEDPA").[2] The provisions of which are now quantified in 28 U.S.C. § 2254.

**Statements to the Police.**

Cunningham made two statements to the police, both of which were admitted at trial. The Appellate Division in its decision on direct appeal determined that Cunningham was not in custody when he made the first statement and that although he was in custody when the second statement was taken, he received *Miranda* warnings and waived those rights. The court further found that Cunningham's statement was voluntary and not the product of any improper police conduct.

Magistrate Judge Bianchini discussed these issues at length (pp. 11-18) and concluded that the state courts did not unreasonably apply federal law on the issues presented by the use of Cunningham's statements at trial. I agree with that assessment.

---

[2]The Report and Recommendation, a page 5, appears to contain a typographical error when discussing the standards under AEDPA. References were made to one "Smith" and "Ohio" courts. These typographical errors are of no moment. The analysis of the requirements of AEDPA are entirely accurate.

The Magistrate Judge carefully analyzed the facts, the credibility of the witnesses and controlling law. The several state court findings are entitled to a presumption of correctness which Cunningham has failed to overcome. I agree with Magistrate Judge Bianchini's conclusion that Cunningham has failed to establish any federal constitutional violation based on the admission of his statements to the police.

**Recall Of Witness At Trial.**

Cunningham challenges here, as he did on direct appeal, the County Court's decision to allow the People to recall a witness, Detective Mark Stanbach. The Magistrate Judge discussed the People's contention that Cunningham failed to properly object to the recall and thus there was an adequate and independent state procedural ground for denying relief -- that is, that Cunningham failed to comply with New York's contemporaneous-objection Rule.

The Magistrate Judge denied relief on this claim but did not do so on the procedural grounds advanced by the People. The Magistrate Judge focused, and I believe properly so, on the fact that the issue involved here is purely one of state law involving evidentiary rules relating to state trial proceedings. In this case the Magistrate Judge, after careful consideration of state and federal law on the issue, concluded that there was no state court evidentiary error committed when the trial court allowed Detective Stanbach to be recalled as a witness. Magistrate Judge Bianchini also concluded that even had there been some error in allowing the recall, given the overwhelming evidence of Cunningham's guilt, such error was clearly harmless beyond a reasonable doubt. Therefore, for all the reasons advanced by Magistrate Judge Bianchini in his Report and Recommendation, I find no

constitutional error relating to the trial court's discretionary act in allowing the People to recall the detective.

**Sufficiency Of Evidence.**

Cunningham claims here that the jury verdict was against the weight of the evidence, especially in light of his so-called justification defense. But, as the People point out, this claim has not been exhausted since it was not presented to New York State's highest court, the New York Court of Appeals. The Magistrate Judge discussed the procedural bar now facing Cunningham in state court should he attempt to raise this issue and concluded that the sufficiency-of-evidence claim should be dismissed because of Cunningham's failure to exhaust the claim which is now procedurally barred.

It also seems clear, on the merits, there was more than sufficient evidence presented to the jury upon which a reasonable juror could conclude guilt beyond a reasonable doubt.

**Harshness Of Cunningham's Sentence.**

On direct appeal, the Appellate Division determined that Cunningham's sentence of 25 years to life was not unduly harsh or severe, rejecting his request to reduce the sentence for murder. Magistrate Judge Bianchini found that Cunningham's sentencing-related habeas corpus concern focuses on the length of the sentence and this claim is based entirely on a state law matter and is, therefore, not grounds for review in a habeas corpus petition. Magistrate Judge Bianchini discussed this at length and cited numerous and appropriate cases on the point. The sentence was clearly

within the range prescribed by state law and, therefore, Cunningham has raised no federal constitutional issue on the matter.

**Proposed Amended Claim.**

The Magistrate Judge notes that Cunningham seeks to amend his petition to add a claim that the People violated New York State law failing to give proper notice of its intent to use Cunningham's statements at trial. This focuses on the provisions of Criminal Procedure Law § 710.20. Cunningham sought leave to stay the petition here until he could exhaust that claim. Magistrate Judge Bianchini recommended denying the stay because it presents no valid claim for habeas corpus relief. It presents merely an alleged violation of state law and, errors of this nature do not provide the basis for habeas corpus relief, absent some violation of a federal constitutional right. Magistrate Judge Bianchini recommended that the motion to amend and the request for a stay be denied since the claim simply raises an alleged state procedural error which does not state a federal constitutional violation.

## CONCLUSION

I accept and adopt Magistrate Judge Victor E. Bianchini's Report and Recommendation (Dkt. #19). I see no reason to modify, amend or reject any portion of the Report.

Therefore, the habeas corpus petition filed by petitioner James Cunningham, pursuant to 28 U.S.C. § 2254 is in all respects denied and dismissed.

Petitioner's motion for a stay is also denied.

I decline to issue a certificate of appealability because Cunningham has failed to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       June 15, 2010.